IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, a Virginia corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 06-1529-JO |
| Plaintiff, | | |
| v. | | OPINION AND ORDER |
| 7455, INCORPORATED, an Oregon corporation doing business as Jiggles, Inc., | | |
| Defendant. | | |

    Beth R. Skillern
    Marianne M. Ghim
    BULLIVANT HOUSER BAILEY, PC
    888 S.W. Fifth Avenue, Suite 300
    Portland, OR  97204

     Attorneys for Plaintiff

    Robert C. Dougherty
    LAW OFFICES OF ROBERT C. DOUGHERTY
    1130 S.W. Morrison Street, Suite 210
    Portland, Or  97205-2213

Todd S. Baran
TODD S. BARAN, PC
4004 S.E. Division Street
Portland, OR  97202

Mark E. Smolak
806 S.W. Broadway, Suite 1200
Portland, OR  97205

   Attorneys for Defendants

JONES, Judge:

This insurance coverage dispute arises out of a physical altercation between two women dancers working at Jiggles, an adult establishment featuring exotic dancers.  The injured dancer, Lauren Montgomery, brought an action against Jiggles in state court to recover damages for the injuries she suffered when the other dancer, Shannon Gee, "punch[ed] [her] in the face, knock[ed] her unconscious, and slamm[ed] her head into the concrete floor 2-5 times." Plaintiff's Concise Statement of Material Facts, Exh. 2, pp. 2-3.  That underlying action, filed in April 2006, is still pending.

Plaintiff in this case, Essex Insurance Company, issued a liability insurance policy to defendant 7455, Inc., dba Jiggles ("Jiggles").  The policy contains certain exclusions applicable to claims for assault and battery, and negligent hiring, negligent supervision, and the like. Plaintiff's Concise Statement of Material Facts, Exh. 3.  By the present motion for summary judgment (# 8), plaintiff seeks a declaration that the insurance policy excludes coverage to Jiggles for the damages Montgomery alleges and that, consequently, plaintiff has no duty to defend Jiggles in the underlying action.

Based on the language of the insurance policy exclusions and the allegations of Montgomery's complaint, I am tempted but not compelled to grant plaintiff's motion.

2 - OPINION AND ORDER

Montgomery alleges that Gee "intentionally and knowingly" caused her injuries -- allegations that invoke the policy exclusion, but also alleges an alternative claim that Gee acted "under an irresistible impulse" -- i.e., not intentionally. The allegations of the complaint, however, are internally inconsistent,[1] and the inconsistencies suggest that Montgomery is attempting to plead her way out from under the policy exclusions. More notably, Gee has entered a plea of guilty to "Attempted Assault II," and has admitted that she "knowingly attempted to cause serious injury" to Montgomery. Declaration of Marianne Ghim, Exh. 4, pp. 1, 4.

Nonetheless, as Jiggles argues, it is theoretically (if barely) possible that a state court jury could find for Montgomery on her alternative claim, that Gee did not intend to injure her.[2] If so, and depending on the jury instructions and the jury's findings, I might be persuaded that the policy exclusions do not apply. Consequently, I agree with Jiggles that under the circumstances presented here, plaintiff's motion for summary judgment is premature. I therefore grant Jiggles' Rule 56(f) motion (set forth in footnote 2 to Jiggles' Response to Plaintiff's Motion for Summary Judgment) and will defer ruling on plaintiff's motion until the underlying action is resolved.

---

[1] For example, Montgomery alleges that Gee acted under "an irresistible impulse," yet also alleges that Jiggles failed to discipline Gee for "prior violent conduct," and "knowingly plac[ed]" Montgomery in danger from Gee, thus suggesting that Gee's violent conduct was predictable and not "an irresistible impulse."

[2] That is, unless the state court judge agrees with plaintiff that the criminal conviction is binding on Jiggles and/or Montgomery.

3 - OPINION AND ORDER

CONCLUSION

Defendant Jiggles' Rule 56(f) motion to defer ruling on the motion for summary judgment at this juncture is granted. Plaintiff's motion (# 8) for summary judgment is in abeyance pending resolution of the underlying action.

IT IS SO ORDERED.

DATED this 13th day of April, 2007.

                                        /s/ Robert E. Jones
                                        ROBERT E. JONES
                                        U.S. District Judge