IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY,<br>a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>7455, Incorporated, an Oregon corporation,<br>doing business as Jiggles, Inc.; ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 06-1529-JO<br><br><br>OPINION AND ORDER |

      Beth R. Skillern
      Marianne M. Ghim
      BULLIVANT HOUSER BAILEY, PC
      888 S.W. Fifth Avenue, Suite 300
      Portland, OR  97204

       Attorneys for Plaintiff

      Robert C. Dougherty
      LAW OFFICES OF ROBERT C. DOUGHERTY
      1130 S.W. Morrison Street, Suite 210
      Portland, OR  97205-2213

Todd S. Baran
TODD S. BARAN, PC
4004 S.E. Division Street
Portland, OR 97202

Mark E. Smolak
806 S.W. Broadway, Suite 1200
Portland, OR 97205

   Attorneys for Defendants

JONES, Judge:

     This insurance coverage dispute arises out of the physical altercation between two women dancers, Shannon Gee and Lauren Montgomery, who worked for defendant 7455 Incorporated, dba Jiggles ("Jiggles"), an adult establishment featuring exotic dancers. In April 2007, I denied plaintiff Essex Insurance Company's motion for summary judgment, which sought a declaration that its liability insurance policy excludes coverage to Jiggles for the damages the injured dancer, Montgomery, incurred. My reason for denial at that time was that the motion was premature, and I deferred ruling pending resolution of the underlying state court action between Montgomery and Jiggles.

     In September 2007, I issued a minute order giving the parties time to brief the issue of "irresistible impulse." The briefing on "irresistible impulse" is complete; the state court case was terminated with a stipulated settlement agreement. This case is, therefore, ready for a ruling on summary judgment. For the reasons explained below, I grant plaintiff's motion.

FACTUAL BACKGROUND

     The parties are familiar with the facts of this case. In brief, Montgomery brought an action against Jiggles in state court to recover damages for the injuries she suffered in February 2005 when the other dancer, Gee, "punch[ed] [her] in the face, knock[ed] her

2 - OPINION AND ORDER

unconscious, and slamm[ed] her head into the concrete floor 2-5 times."  Plaintiff's Concise

Statement of Material Facts, Exhibit ("Exh.") 2, pp. 2-3.

Plaintiff insures Jiggles under a commercial general liability insurance policy that

contains certain exclusions applicable to claims for assault and battery, negligent hiring,

negligent supervision, and the like.  As relevant, the policy at issue (Exh. 3 to Amended

Complaint for Declaratory Judgment)  provides:

> We will pay those sums that the insured becomes legally obligated to pay as
> damages because of "bodily injury" or "property damage" to which this insurance
> applies.  We will have the right and duty to defend the insured against any "suit"
> seeking those damages.  However, we will have no duty to defend the insured
> against any "suit" seeking damages for "bodily injury" or "property damage" to
> which this insurance does not apply.

Exh. 3, p. 2.  The policy contains an Assault and Battery Endorsement, which excludes coverage

as follows:

> The coverage under this policy does not apply to any claim, suit, cost or expense
> arising out of assault and/or battery, or out of any act or omission in connection
> with the prevention or suppression of such acts, whether caused by or at the
> instigation or direction of any Insured, Insured's employees, patrons or any other
> person.  Nor does this insurance apply with respect to any charges or allegations
> of negligent hiring, training, placement or supervision.  Furthermore, assault
> and/or battery includes "bodily injury" resulting from the use of reasonable force
> to protect persons or property.

Exh. 3, p. 3.

In addition, the policy contains a Restaurant, Bar, Tavern, Night Clubs, Fraternal and

Social Clubs Endorsement.  That endorsement further limits coverage and states, in relevant part:

> The coverage under this policy does not apply to "bodily injury," "property
> damage," "personal injury," "advertising injury," or any injury, loss or damage
> arising out of:

3 - OPINION AND ORDER

1.      Injury to any entertainer, stage hand, crew, independent contractor, or spectator, patron or customer who participates in or is a part of any athletic event, demonstration, show, competition or contest; or

* * *

4.      Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.  Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

6.      Any charges or allegations of negligent hiring, employment, training, placement or supervision, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same covered in this policy.

Exh. 3, p. 4.

DISCUSSION

In its motion for summary judgment (# 8), plaintiff seeks a declaration that the insurance policy excludes coverage to Jiggles for the damages Montgomery alleges and that, consequently, plaintiff has no duty to defend or indemnify Jiggles in the underlying action.

In my April 2007 Opinion and Order denying (as premature) plaintiff's motion, I observed that based on the language of the insurance policy exclusions and the allegations of Montgomery's complaint, I was tempted to grant plaintiff's motion.  Montgomery alleged that Gee "intentionally and knowingly" caused her injuries -- allegations that invoke the policy exclusion, but she also alleged as an alternative claim that Gee acted "under an irresistible impulse" -- i.e., not intentionally.  It was with respect to this latter claim that I sought supplemental briefing.

4 - OPINION AND ORDER

As I observed in my April 2007 Opinion, the allegations of Montgomery's state court complaint are internally inconsistent[1] and the inconsistencies suggest that Montgomery was attempting to allege her way out from under the policy exclusions.  And as I also noted then, in State v. Gee, Washington County Circuit Court Case No. CO 50602CR, Gee entered a plea of guilty to "Attempted Assault II," and admitted that she "knowingly attempted to cause serious injury" to Montgomery.  Declaration of Marianne Ghim, Exh. 4, pp. 1, 4.  "Attempt" in the criminal context means that a person "intentionally engages in conduct which constitutes a substantial step toward the commission of the crime."  ORS 161.405.  As relevant here, a person commits the crime of Assault in the second degree if the person "[i]ntentionally or knowingly causes serious physical injury to another * * *."  ORS 163.175(1)(a).  Thus, the effect of Gee's plea is an admission that she knowingly attempted -- i.e., intentionally engaged in conduct constituting a substantial step toward -- intentionally or knowingly causing serious physical injury to Montgomery, an admission that directly contradicts the notion of   "irresistible impulse."

Jiggles plays down the effect of Gee's guilty plea, arguing that because she pled guilty to *attempted assault*, her plea does not establish that an assault occurred.  That argument is belied by the August 2007 stipulated settlement between Montgomery and Jiggles in the underlying state court case, Montgomery v. 7455, Inc. dba Jiggles, Multnomah County Circuit Court Case

---

[1]    E.g., Montgomery alleged that Gee acted under "an irresistible impulse," yet also alleged that Jiggles failed to discipline Gee for "prior violent conduct," and "knowingly plac[ed]" Montgomery in danger from Gee, thus suggesting that Gee's violent conduct was predictable and not "an irresistible impulse."

No. 060404150.  <u>See</u> Declaration of Beth Skillern, Exhs. 5, 6.  In what appears to be a calculated

effort to circumvent plaintiff's policy exclusions,[2] Montgomery and Jiggles stipulated that

> plaintiff has sufficient evidence to establish, by a preponderance of the evidence, <u>each of the allegations</u> in plaintiff's Second Amended Complaint, <u>except for the allegation that Shannon Gee did intentionally and knowingly cause serious injury to Lauren Montgomery</u>.

Exh. 5, p. 1 (emphasis added).

The stipulation itself highlights the inconsistency between Jiggles' and Montgomery's

position and the undisputed facts.  Gee pled guilty to "knowingly attempt[ing] to cause serious

physical injury to Lauren Montgomery." Ghim Decl., Exh. 4, p. 4.  By the terms of their

stipulation, Skillern Decl., Exh. 5, Montgomery and Jiggles also agreed that Gee "punch[ed] Ms.

Montgomery in the face, knocking her unconscious, and slamm[ed] Ms. Montgomery's head into

the concrete floor 2-5 times."  Amended Complaint for Declaratory Relief, Exh. 2, p. 1 (First

Amended Complaint in <u>Montgomery v. Jiggles</u>).  They agreed that the above activity "fractured

[Montgomery's] skull" and caused a hematoma, concussion, and brain damage.  <u>Id</u>. at 1-2.

Further, they agreed that "[m]anagement and/or ownership at Jiggles was aware of Ms. Gee's

violent temper prior in time to the above incident," and that Jiggles was negligent in failing to

take any disciplinary action against Gee for prior violent conduct, in allowing Gee to dance,

"knowingly placing Ms. Montgomery in danger from Ms. Gee," and in failing to protect

Montgomery while on Jiggles' premises.  <u>Id</u>. at 2.

---

[2]    I note that in the Covenant Not to Execute and Assignment of Rights, Montgomery agreed not to execute the $1 million judgment against Jiggles in exchange for Jiggles' payment of $15,000 and agreement to prosecute the claim for indemnity against plaintiff in this action.  Declaration of Beth Skillern, Exh. 6.

Thus, Montgomery's and Jiggles' own Stipulated General Money Judgment renders untenable Jiggles' arguments in this court, that no assault occurred or, alternatively, Gee did not intentionally or knowingly assault Montgomery but rather was overcome by an "irresistible impulse," thereby bringing Gee's conduct and Montgomery's injuries within plaintiff's policy coverage.

This action for declaratory relief is an equitable action tried to the court. The parties argue back and forth over whether the guilty plea and stipulation are binding and who is in privity with whom. Those are interesting issues, but the bottom line is that in this non-jury case, I may draw inferences from the evidence submitted on summary judgment because credibility is not an issue and a trial would add nothing to my ability to decide the case. See, e.g., TransWorld Airlines, Inc. v. American Coupon Exchange, Inc., 913 F.2d 676, 684 (9th Cir. 1990). After thoroughly reviewing the evidence, the policy language, the briefing on summary judgment and the supplemental briefing, I reject Jiggles' and Montgomery's position, that somehow despite Montgomery's allegations, Gee's plea petition and judgment of conviction, and the stipulated settlement agreement, this court rationally could find that Gee's conduct either was not an assault or was somehow an unintentional assault. I conclude that plaintiff's policy excludes coverage for the conduct alleged in the underlying action, and that therefore plaintiff is under no obligation to defend or indemnify Jiggles. Plaintiff's motion for summary judgment is granted.

7 - OPINION AND ORDER

CONCLUSION

Plaintiff's motion for summary judgment (# 8) is GRANTED.  Any other pending motions are denied as moot, and this action is dismissed.

DATED this 10th day of January, 2008.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

8 - OPINION AND ORDER